J-S15008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT KARL BARGER | : | |
| | : | |
| Appellant | : | No. 1031 WDA 2019 |

Appeal from the PCRA Order Entered June 3, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0003703-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT KARL BARGER | : | |
| | : | |
| Appellant | : | No. 1158 WDA 2019 |

Appeal from the PCRA Order Entered July 17, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0004955-2005

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED MAY 11, 2020**

Appellant, Robert Karl Barger, appeals *pro se* from the orders denying,

as untimely, his petitions filed under the Post Conviction Relief Act (PCRA), 42

_____

[*] Former Justice specially assigned to the Superior Court.

Pa.C.S. §§ 9541-9546, in his two underlying cases.[1] After careful review, we affirm.

We summarize the pertinent procedural history of Appellant's two cases, as follows.

### Case CP-65-CR-0004955-2005

In the case docketed at CP-65-CR-0004955-2005 (hereinafter "4955-2005"), Appellant pled guilty to indecent assault and related offenses based upon his sexual assault of a 13-year-old girl. On September 25, 2006, he was sentenced to a term of incarceration of one year less one day, to two years less one day. He was also deemed to be a sexually violent predator (SVP) under Megan's Law III. We affirmed Appellant's judgment of sentence on August 14, 2007, and he did not petition for permission to appeal to our Supreme Court. *Commonwealth v. Barger*, 935 A.2d 3 (Pa. Super. 2007) (unpublished memorandum). Instead, Appellant filed a *pro se* writ of *habeas corpus* on March 17, 2009, which was dismissed on April 21, 2009. He did not appeal.

On October 9, 2018, Appellant filed the *pro se* PCRA petition underlying his present appeal at docket number 1158 WDA 2019. He filed an amended *pro se* petition on December 10, 2018, and thereafter sought the appointment of counsel, which the PCRA court granted. Appointed counsel, however, filed

_____

[1] This Court granted Appellant's *pro se* motion to consolidate his two appeals by *per curiam* order entered August 21, 2019.

- 2 -

a **_Turner/Finley_**[2] no-merit letter and a petition to withdraw. On June 3, 2019, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, on the basis that it was untimely. Appellant did not file a response and, on July 17, 2019, the court issued an order dismissing his petition and granting counsel's petition to withdraw. Appellant filed a timely, _pro se_ notice of appeal, and he also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court thereafter filed a Rule 1925(a) opinion stating that it was relying on the rationale set forth in its Rule 907 notice.

### CP-65-CR-0003703-2011

In the case docketed at CP-65-CR-0003703-2011 (hereinafter "3703-2011"), Appellant pled guilty on September 11, 2012, to failure to comply with registration of sexual offender requirements, and failure to provide accurate information. He was sentenced that same day to an aggregate term of 5 to 20 years' incarceration. On direct appeal, we affirmed his judgment of sentence, and our Supreme Court denied his subsequent petition for allowance of appeal on May 7, 2014. **_Commonwealth v. Barger_**, 93 A.3d 501 (Pa. Super. 2013) (unpublished memorandum), _appeal denied_, 91 A.3d 161 (Pa. 2014).

---

[2] **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).

Appellant then filed a timely, *pro se* PCRA petition and counsel was appointed. However, counsel filed a **Turner**/**Finley** no-merit letter and a petition to withdraw. The PCRA court conducted a PCRA hearing and on January 26, 2015, it issued an order granting counsel's petition to withdraw and denying Appellant's petition. He did not appeal. Appellant then filed a second PCRA petition, which was also denied. On appeal, this Court affirmed, and our Supreme Court denied Appellant's petition for permission to appeal. **Commonwealth v. Barger**, 185 A.3d 1124 (Pa. Super. 2018) (unpublished memorandum), *appeal denied*, 191 A.3d 1291 (Pa. 2018).

On October 9, 2018, Appellant filed his third, *pro se* PCRA petition, which underlies his present appeal at docket number 1031 WDA 2019. On December 10, 2018, he filed a *pro se* amended petition. Both Appellant's initial petition, and his amendment thereto, were identical to the petitions filed in case 4955-2005. On March 4, 2019, the court issued a Rule 907 notice of its intent to dismiss Appellant's petition without a hearing. He filed a *pro se* response, but on June 3, 2019, the court issued an order and opinion dismissing his petition as being untimely filed. Appellant filed a timely, *pro se* notice of appeal, and he also complied with the PCRA court's order to file a Rule 1925(b) statement. The PCRA court thereafter filed a Rule 1925(a) opinion.

### The Present Appeals

As stated *supra*, Appellant filed a motion to consolidate his two appeals, which we granted. He has filed one appellate brief, in which he states the following issue for our review:

- 4 -

a. Whether the PCRA court abused its discretion, or otherwise erred, in dismissing [Appellant's] PCRA [petition,] including claims of ineffective assistance of counsels; violations of his constitutional rights under the United States Constitution Article I, §10 and Amendments V, VI, VII, and XIV[,] as well as the same protections under the Pennsylvania Constitution concerning our Pennsylvania Supreme Court's holdings in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017); his claim under *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013); or[,] alternatively, *Commonwealth v. Derhammer*, 173 A.3d 723 (Pa. 2017)[,] where the court of original jurisdiction lacked subject matter jurisdiction to prosecute, convict, sentence, and order incarceration of [Appellant] by way of violating a statute that was never on the books of the Crimes Code under 18 Pa.C.S. § 4915(a)(1) and (3)?

Appellant's Brief at 8 (unnumbered) (unnecessary capitalization and some brackets omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

- 5 -

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence in case 4955-2005 became final in 2007, and his judgment of sentence in case 3703-2011 became final in 2014.[3] Thus, Appellant's current petitions, filed on October 9, 2018, are facially untimely. For us to have jurisdiction to review the merits thereof, he

---

[3] *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (directing that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed"); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (holding that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court).

must prove that one of the above-stated timeliness exceptions applies to his claims.

Appellant has failed to meet this burden. Essentially, he seems to be arguing that no sexual offender registration requirements can lawfully be applied to him, and his convictions in case 3703-2011 for violating his requirements under Megan's Law III are illegal, because that statute was declared unconstitutional in **Neiman**, 84 A.3d at 613 (holding that provisions of Megan's Law III violated the single subject rule of Article III, Section 3 of the Pennsylvania Constitution). **See also Derhammer** 173 A.3d at 729-30 (holding that Derhammer could not be prosecuted for violating the registration requirements of Megan's Law III because, at the time of his trial, Megan's Law III had been voided as unconstitutional). Additionally, Appellant avers that the Sexual Offenders Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41, cannot be retroactively applied to him under **Muniz**. There, our Supreme Court held that SORNA's registration requirements are punitive and, thus, their retroactive application violates the *ex post facto* clause of the Pennsylvania Constitution. **Muniz**, 164 A.3d at 1193.

To the extent Appellant's argument is as an attempt to rely on **Muniz**, **Neiman**, and/or **Derhammer** to meet the 'new retroactive right' exception of section 9545(b)(1)(iii), it necessarily fails. The Pennsylvania Supreme Court has not held that any of those cases applies retroactively. In **Commonwealth v. Abdul-Salaam**, 812 A.2d 497 (Pa. 2002), our Supreme Court held that to satisfy section 9545(b)(1)(iii), the petitioner must

prove both that a "new" constitutional right has been recognized by the United States Supreme Court or the Pennsylvania Supreme Court, and that the right **"has been held"** by **that court** to apply retroactively. *Id.* at 501 (emphasis added). Thus, Appellant cannot rely on *Muniz*, *Neiman*, or *Derhammer* to meet the timeliness exception of section 9545(b)(1)(iii). *See Commonwealth v. Murphy*, 180 A.3d 402, 405-06 (Pa. Super. 2018) (holding that *Muniz* cannot satisfy the timeliness exception of section 9545(b)(1)(iii) because the Pennsylvania Supreme Court has not held that *Muniz* applies retroactively). Consequently, we are without jurisdiction to address Appellant's claim that those cases invalidate his convictions, and/or require that no registration requirements apply to him.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2020